U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 17 2008

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| REBA LYNETTE JOHNSON | : | CIVIL ACTION NO. 2:08-cv-904 |
| VERSUS | : | JUDGE MINALDI |
| CUMULUS BROADCASTING, LLC | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss, [doc. 8], filed by the defendant Cumulus

Broadcasting, LLC (hereinafter "Cumulus"). The plaintiff, Reba Lynette Johnson, filed an

Opposition [doc. 10]. Cumulus filed a Reply [doc. 11].

## FACTS

Ms. Johnson and Cumulus entered into a three-year employment contract (hereinafter

"the Agreement") from July 5, 2007 until July 4, 2010.[1] The Agreement states that it is governed

by Louisiana law.[2] The Agreement states that employment shall continue "unless earlier

terminated pursuant to the provisions of Paragraph 5 of this Agreement."[3] Paragraph 5.2

provides:

> The Company may terminate this Agreement at any time. If
> Employee is terminated: (i) on or before 90 calendar days after the
> effective date, the Company will provide 10 business days' notice to

---

[1] Def.'s Ex. A, p. 3 (Employment Agreement).

[2] *Id.* at 8.

[3] *Id.* at 3.

Employee; or (ii) at any time after 90 days from the Effective Date, but before the end of the Employment Period, the Company will provide 14 days' notice to Employee. The Company may elect to pay employee for the notice period in lieu of permitting Employee to continue working. Notwithstanding this provision, the Company may at any time terminate Employee immediately without notice or pay in lieu of notice for....[specifies situations under which the employee may be terminated without notice].[4]

Ms. Johnson filed suit in the 14th JDC for breach of employment contract on June 4, 2008.[5] Ms. Johnson alleges that Cumulus breached the employment agreement because Cumulus terminated her before July 4, 2010 without good cause.[6] Cumulus removed the suit to federal court on June 26, 2008.[7]

## RULE 12(b)(6)

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a motion to dismiss for failure to state a claim and challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006).

"A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). To avoid dismissal

---

[4] *Id.* at 6.

[5] Compl. [doc. 1-2].

[6] *Id.* ¶¶ 6-7.

[7] Notice of Removal [doc. 1].

under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

In addressing Rule 12(b)(6) motions, the court may consider documents attached to the motion to dismiss when the complaint refers to the documents that are central to the claim. *Collins*, 224 F.3d at 498-99. Thus, because Ms. Johnson's Complaint references the Agreement, this Court may properly consider the document in its analysis.

## ARGUMENTS

Cumulus seeks dismissal of this suit because the Agreement clearly permits Cumulus to terminate Ms. Johnson "at any time." Cumulus argues that Paragraph 5.2 of the Agreement delineates Cumulus' ability to terminate Ms. Johnson both with and without cause. Cumulus argues that, despite the three-year term, the Agreement provides for three scenarios: 1.) termination before ninety days from the effective date of hire, under which Cumulus must give ten business days' notice; 2.) termination after ninety days from the effective date of hire, under which Cumulus must provide fourteen days' notice; and 3.) immediate termination without notice or pay for specific acts of the employee, such as dishonesty.[8] Cumulus also relies upon a recent Louisiana Fifth Circuit Court of Appeal decision, *Jackson v. Housing Authority for Parish*

---

[8] Def.'s Ex. A, p. 5. Under either of the first two scenarios, Cumulus could elect to pay Ms. Johnson for the notice period in lieu of permitting her to continue working. *Id.*

*of St. James*, 05-665 (La. App. 5 Cir. 3/14/06); 926 So.2d 606, for its position that even when an employment contract specifies a fixed employment term, the contract may nonetheless provide for termination without cause.

Ms. Johnson argues that the Agreement never specifies that she is an "at-will" employee, nor does it provide Cumulus the ability to terminate without cause. Ms. Johnson distinguishes her case from *Jackson* because the contract in *Jackson* included provisions for severance pay for "with cause" and "without cause" termination, whereas her Agreement has no comparable provision. Ms. Johnson further argues that if the parties intended for her employment to be "at-will," the Agreement would not have articulated specific reasons that would permit Cumulus to terminate her.[9]

In Reply, Cumulus restates its assertion that Section 5.2 of the Agreement contemplates termination "at any time" without cause. Cumulus argues that "absent a contract or statute stating otherwise, employment in Louisiana is presumed to be at will and is subject to termination at any time for any reason." La. C.C. art. 2747. The Agreement states that the employment contract may terminate "at any time," which Cumulus argues means the employment may terminate for any reason. Cumulus argues that to hold otherwise would invalidate the "notice" provisions of Scenarios 1 and 2.

## ANALYSIS

---

[9] Ms. Johnson also argues that the Agreement's non-compete, non-disclosure, and non-solicitation clauses demonstrate intent to deviate from an at-will employment contract. In Reply, Cumulus argues that these clauses are routinely included in employment contracts regardless of whether employment is at-will.

The Agreement specifies that Louisiana law governs. Louisiana's Civil Code "provides for two types of contracts for hire: a contract for a fixed time...and a contract of a servant terminable at the will of the parties." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 517 (5th Cir. 1994)(noting that "[e]mployees for fixed time are considered not as hired out but as 'having sold their services'").[10] "The distinction between the two is that under a limited duration contract the parties have agreed to be bound for a certain period during which the employee is not free to depart without assigning cause nor is the employer at liberty to dismiss the employee without assigning any reason for so doing." *Brohead v. Bd. of Trustees for State Colleges*, 588 So.2d 748, 751 (La. App. 1 Cir. 1991).

The plaintiff bears the burden of proving that the parties agreed to a definite length of employment. *Id.* A plaintiff may prove she is not an employee at-will by showing she has a contract for a definite term or that her employer contracted to fire her only for cause. *Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 430 (5th Cir. 1996). For a contract for a definite term to exist, "the parties [must] have clearly agreed to be bound for a certain period of time during which the employee is not free to depart without assigning cause and the employer is not free to depart without giving a reason." *Williams v. Touro Infirmary*, 578 So.2d 1006 (La. App. 4 Cir. 1991). If an employment contract is for a definite period, the employee can sue for breach of

---

[10] An employment contract for an indefinite period may be terminated by the employer or employee at any time without cause. La. C.C. art. 2747. "A man can only hire out his services for a certain limited time, or for the performance of a certain enterprise." La. C.C. art. 2746. When an employment contract is for a fixed term, however, "[i]f, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived." La. C.C. art. 2749.

contract and recover the salary for the unexpired term. *Deus*, 15 F.3d at 517.

The Louisiana Supreme Court articulated the basic tenets of contract interpretation in

*Corbello v. Iowa Production*, 850 So.2d 686, 693 (La. 2003):

> The meaning and intent of the parties to a written instrument should be determined within the four corners of the document and its terms should not be explained or contradicted by extrinsic evidence. When a contract is subject to interpretation from the four corners of the instrument, without the necessity of extrinsic evidence, that interpretation is a matter of law. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation need be made into the parties' intent. Further, parties are free to contract for any object that is lawful, possible, and determined or determinable.

*Id.* (internal citations omitted).

In *Jackson*, the plaintiff was hired for a three-year term. *Id.* at 608. The plaintiff was

fired "without cause" during the employment term and brought suit. *Id.* Her contract provided

that "the employee may not be terminated during the Term of this Agreement except upon

written notice and for cause." *Id.* at 609. The court determined that the employment contract

permitted the plaintiff to be terminated within the three-year term with or without cause, because

the contract stated that "[t]he employee shall be entitled to the following severance pay,

exclusive of vacation and sick time, should she be terminated for reasons other than 'for cause'

prior to the conclusion of the 'term'...." *Id.* at 609. The court concluded that the contract was

unambiguous, and thus called for a term of three years, during which the employee could be

terminated with or without cause.

Under the facts alleged by Ms. Johnson in her Complaint, and the parties' Agreement,

this Court finds that Ms. Johnson has failed to state a claim for which relief can be granted. At

the outset, this Court finds that the parties' Agreement is unambiguous and the parties' intent can therefore be interpreted within the four corners of the contract. Ms. Johnson alleges that she had a three-year fixed term contract and that Cumulus terminated her "without cause" in violation of that contract. The Agreement provides for a three-year term of employment, but also unambiguously states that Cumulus may terminate the agreement at any time, and thus Cumulus did not breach the Agreement. Furthermore, because Ms. Johnson was terminated without cause, she was entitled to receive notice or compensation in lieu of permitting her to work during the notice period; however, Ms. Johnson has not alleged that Cumulus failed to comply with the notice provision of 5.2. Considering the Agreement, which is permissible under a Fed. R. Civ. P. 12(b)(6) inquiry because it was referenced in the Complaint, and construing all inferences in favor of the plaintiff as required by Rule 12(b)(6), this Court finds that Ms. Johnson has failed to state a claim upon which relief can be granted; accordingly,

IT IS ORDERED that the Motion to Dismiss, [doc. 8], filed by Cumulus, is hereby GRANTED;

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this __16__ day of __October__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE